FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHY ANN S., on behalf of JONI H., deceased,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>　　　　　　　　Defendant. | No. 2:20-cv-00430-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 16, 17. Attorney D. James Tree represents Joni H. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court grants Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–1

# BACKGROUND

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on December 19, 2017, alleging disability since October 5, 2017 due to bulging disc, short-term memory loss, emotional instability, learning disability, borderline personality disorder, attention deficit disorder, sleep apnea, anxiety disorder, morbid obesity, and carpal tunnel syndrome. AR 99–100.[2] The applications were denied initially and upon reconsideration. AR 163–66, 173–86. Administrative Law Judge (ALJ) C. Howard Prinsloo held a hearing on May 19, 2020, AR 59–96, and issued an unfavorable decision on June 24, 20202. AR 15–29. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on September 30, 2020. AR 1–5. The ALJ's June 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 23, 2020. ECF No. 1.

# STATEMENT OF FACTS

Plaintiff, born in 1982, was 35 years old as of her alleged onset date. AR 99. She has a high school education and some additional training. AR 68. She has worked as a cashier, data entry clerk, call center worker, and caregiver. AR 67–70,

---

[2] References to the administrative record (AR), ECF No. 12, are to the provided page numbers to avoid confusion.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–2

86–87, 628. She stopped working as a caregiver in 2017 when she became physically and psychologically unable to perform her job. AR 70–71.

## STANDARD OF REVIEW

The ALJ is responsible for determining the reliability of a claimant's allegations, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir.

1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

//

//

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–4

## ADMINISTRATIVE FINDINGS

On June 24, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. AR 15–29.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: sprains and strains, affective disorder, somatic symptoms disorder, degenerative disc disease of the lumbar and cervical spine, attention deficit hyperactivity disorder, personality disorder, and obesity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 18–20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary work with the following additional limitations:

> she can occasionally climb ramps and stairs; she can occasionally stoop, kneel, crouch, and crawl; she can never climb ladders, ropes, or scaffolds; she must avoid concentrated exposure to extreme cold, vibration, or hazards; she is limited to simple, routine tasks; and she can interact with others superficially.

AR 20.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–5

At step four, the ALJ found Plaintiff could perform her past relevant work as a data entry clerk. AR 27.

Alternatively, at step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of bench hand and semi-automatic sewing machine operator. AR 27–28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. AR 29.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) not properly assessing the severe medically determinable impairments; (2) not properly assessing Plaintiff's testimony; (3) not properly assessing the medical opinions; and (4) improperly finding Plaintiff could perform her past relevant work and not meeting his step-five burden. ECF No. 16 at 2.

**DISCUSSION**

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–6

## A.  Medical Opinion Evidence

Plaintiff contends the ALJ erred by improperly assessing the medical opinion evidence. ECF No. 16 at 13–19.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–7

explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

**1. PAC Sarah Heniges**

In November 2018, Plaintiff's primary care provider, Sarah Heniges, completed a DSHS WorkFirst form in which she noted Plaintiff's conditions included lumbosacral radiculopathy, lumbago, and carpal tunnel syndrome.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–8

AR 1069. She stated Plaintiff was limited to performing sedentary work and was unable to lift objects greater than ten pounds or to stand for more than one hour. AR 1069–70. She opined Plaintiff was limited to 21–30 hours of participation in work or work-related activities. AR 1069. She also stated that Plaintiff's conditions were not permanent, but would last at least three months, and that it was unknown how Plaintiff would respond to additional medication or therapy options. AR 1070.

The ALJ did not address this opinion in the decision. Plaintiff asserts this was reversible error. ECF No. 16 at 13–14. Defendant argues Ms. Heniges did not indicate that Plaintiff's condition would meet the durational requirement of 12 months and argues that her comment about the number of hours Plaintiff could work was not a statement about her specific work-related areas of functioning, and thus did not qualify as a "medical opinion" that the ALJ was required to address. ECF No. 17 at 18–20.

The Court finds the ALJ erred. A statement regarding the number of hours a claimant is capable of working is a specific statement about what the claimant can still do despite their impairments. It is therefore a medical opinion that the ALJ must address under the revised rules for evaluating medical evidence. 20 C.F.R. § 404.1513(a)(2). Furthermore, though the source did not specify how long she expected Plaintiff's condition would last, she did not state that it would *not* meet

the durational requirement. The Court finds this was relevant evidence that the ALJ must consider.

On remand, the ALJ will consider Ms. Heniges' opinion and articulate how persuasive he finds it to be.

### 2.  Dr. William Drenguis

Plaintiff attended a consultative physical exam with Dr. William Drenguis in July 2018. AR 621–26. Dr. Drenguis diagnosed Plaintiff with low back pain and history of bilateral carpal tunnel syndrome. AR 625–26. He stated Plaintiff could stand and walk at least two hours in a workday, could sit less than six hours, needed a walking staff for all distances and terrains, could lift and carry up to ten pounds, could occasionally engage in postural activities, could frequently reach and manipulate objects, and had environmental limitations. AR 626.

The ALJ did not find this opinion persuasive, noting that while Dr. Drenguis examined the Plaintiff, he did not have an opportunity to examine the updated medical record. The ALJ found Dr. Dreguis' opinions that the Plaintiff's walking stick is medically necessary and that the Plaintiff has limitations using her hands were not supported by the longitudinal record. AR 24. The ALJ noted evidence of normal physical and neurological exams, normal strength and muscle tone in the extremities, her often benign presentation, and evidence of symptom magnification and pain behavior. *Id.*

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–10

Plaintiff argues the ALJ's rationale was insufficient, as the ALJ relied on his own findings regarding the medical evidence, which were incomplete and disregarded many of the objective findings that were supportive of Dr. Drenguis' opinion. ECF No. 16 at 18–19. Plaintiff further argues that Dr. Drenguis himself was the one who noted the inconsistencies in Plaintiff's presentation, yet still assessed the limitations he did. *Id.* Finally, Plaintiff argues the state agency doctors' opinions, which the ALJ found persuasive, also did not review the updated record. *Id.* Defendant argues the ALJ reasonably found the opinion unsupported by and inconsistent with the medical record and argues that the manipulative limitations were inconsistent with mild testing and the lack of objective findings on exam. ECF No. 17 at 13–14.

The Court finds the ALJ failed to comply with the revised regulations in that he did not discuss the supportability factor, which focuses on how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion." 20 C.F.R. § 404.1520c(c)(1). Furthermore, the ALJ's discussion of the consistency factor offers only a general discussion of the evidence, with no citations other than to the ALJ's own summary of the medical evidence. Notably, the ALJ acknowledged earlier in the decision that there was objective evidence "partially consistent" with Plaintiff's allegations. AR

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–11

21. The ALJ failed to explain how the general evidence was inconsistent with Dr. Drenguis' conclusions, or why the supportive evidence was insufficient.

On remand, the ALJ shall reconsider the persuasiveness of Dr. Drenguis' opinion, specifically addressing the two most relevant factors of supportability and consistency.

### 3. Other Treating Source Opinions

Throughout the relevant period, Dr. Robert Mulvihill, counselor LaRee Born, and ARNP Mara Fusfield[3] all signed DSHS WorkFirst forms, opining Plaintiff was significantly limited and unable to perform any hours of work-related activities. AR 423–24, 437, 438–40, 1048–50.

The ALJ made the same error in his assessment of the opinions from these three sources as he did with Dr. Drenguis. AR 24–26. The ALJ found these opinions unpersuasive but did not specifically address supportability. On remand, the ALJ shall reconsider each of these opinions and evaluate their persuasiveness.

//

//

---

[3]The parties seem to discuss multiple opinions from Ms. Fusfield, but it appears there is only one opinion. The pages appear out of order in the record, with the first page of the opinion at AR 437 and the second and third pages at AR 423-24. the parties acknowledge the opinion the ALJ discussed at AR 26 was Ms. Fusifield's opinion, even though the ALJ misidentified the date on the form. ECF No. 17 at 15. Ms. Fusifield completed the DSHS paperwork on November 15, 2017.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–12

### 4. Dr. Ford

Plaintiff attended a consultative psychological exam with Dr. Amy Ford in July 2018. AR 628–33. Dr. Ford assessed major depressive disorder, somatic symptom disorder, attention deficit hyperactivity disorder, and borderline personality disorder. AR 631. She opined Plaintiff had a below average ability to understand and sustain concentration and that her persistence was poor, stating she was unemployable at the time and would not be employable until she began the work of losing weight and healing her body. AR 630–31.

The ALJ found the opinion was not persuasive, noting Dr. Ford did not review the updated medical record, and that her opinion was out of proportion to the longitudinal record and appeared based in part on Plaintiff's physical condition, which was outside of Dr. Ford's area of qualification. AR 25. The ALJ additionally found Dr. Ford's opinion that Plaintiff was unemployable infringed upon an issue reserved to the Commissioner. *Id.*

Because this claim is being remanded for reconsideration of the other medical opinion evidence, the ALJ shall also reconsider Dr. Ford's opinion in completing the sequential evaluation process.

**B.    Plaintiff's Subjective Statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 16 at 7–13.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–13

It is the province of the ALJ to make determinations regarding a claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 21. The ALJ found Plaintiff's allegations were out of proportion to and not entirely corroborated by the longitudinal record of her

physical and mental problems and found there was evidence of symptom magnification and pain behavior. AR 21–23.

In light of the fact that this claim is being remanded for further consideration of the medical opinion evidence because of the ALJ's errors, the ALJ shall also reassess Plaintiff's subjective complaints in light of the record as a whole and any arguments about the sufficiency of the evidence Plaintiff chooses to present on remand.

**C.    Step Two**

Plaintiff argues the ALJ erred at step two in failing to find carpel tunnel syndrome, fibromyalgia, and hip dysplasia to be severe medically determinable impairments. ECF No. 16 at 3–6.

Because this claim is being remanded for further proceedings, the ALJ shall reassess the medical evidence and take into consideration any additional evidence submitted in making new findings on each of the steps of the sequential evaluation process.

**D.    Step Five**

Plaintiff argues the ALJ erred in making findings at step five[4] that are not supported by substantial evidence, arguing that the vocational expert's testimony

---

[4] Plaintiff also asserts the ALJ erred at step four (ECF No. 16 at 20), and Defendant has admitted the error, though argues that it is harmless given the alternative step five findings. ECF No. 17 at 2 n.1.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT–15

regarding his method of determining the number of jobs available in the national economy is flawed and the numbers conflict with evidence from Job Browser Pro. ECF No. 16 at 20–21; ECF No. 16-1.

The Court notes that under *Shaibi v. Berryhill,* 883 F.3d 1102 (9th Cir. 2017), "a claimant must, at a minimum, raise the issue of the accuracy of the expert's estimates at some point during administrative proceedings to preserve the challenge on appeal in federal district court." *Id*. As this claim is being remanded for further proceedings, the ALJ shall make new step five findings, and Plaintiff may submit any arguments regarding vocational testimony on remand.

## CONCLUSION

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints, making findings on each of the five steps of the sequential evaluation process and taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3.   The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.   The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 14th day of September 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge